

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

2011 JUN 14  PM 2: 12

STEP... CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| SHEPLER CONSTRUCTION COMPANY, INC., AN INDIANA CORPORATION, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,<br>  Plaintiff,<br><br>v.<br><br>KOHLER CO., A WISCONSIN CORPORATION,<br>  Defendant. | CASE NO. 3:11CV 246 |

## CLASS ACTION COMPLAINT

Plaintiff Shepler Construction Company, Inc. ("Plaintiff"), by and through its counsel, Starr Austen & Miller, LLP, based upon its individual experience and the investigation of counsel, and on information and belief, allege on behalf of itself and the proposed Plaintiff class defined herein, as follows:

### I.   JURISDICTION AND VENUE

1. Venue is appropriate in the Unites States District Court for the Northern District of Indiana as Plaintiff is domiciled in Cass County, Indiana.

2. The United States District Court for the Northern District of Indiana has diversity jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1332.

3. Kohler Co. is a corporate resident of the State of Wisconsin and Plaintiff is a corporate resident of the State of Indiana. Pursuant to Federal law, there must only be minimal diversity between Plaintiffs and Defendants, meaning that only a single member of the Plaintiff class need be diverse from a single Defendant. 28 U.S.C.A. § 1332(d)(2)(A).

4.      On information and belief the aggregate damages of the Plaintiff class, exclusive of interest and costs, exceeds Five Million Dollars ($5,000,000). 28 U.S.C.A. § 1332(d)(6).

5.      Plaintiff is a corporate resident of Cass County, Indiana. Plaintiff experienced problems, as more fully set forth herein, with the Kohler Reve 39 inch lavatories due to erroneous data and measurements provided by Kohler in its product literature. Plaintiff has suffered economic harm and other damage due to the erroneous data and measurements.

6.      Defendant Kohler Co. ("Kohler") is a Wisconsin corporation with its principal place of business and corporate headquarters located in Kohler, Wisconsin. According to Kohler's promotional materials, it is "one of America's oldest and largest privately held companies. Kohler is a global leader in the manufacture of kitchen and bath products, engines and power generation systems, tile and home interiors, and an international host at its award-winning hospitality and world-class golf destinations."

## II.     NATURE OF THE CASE

7.      In May of 2009, Kohler introduced the Reve Collection of bath products which it described as a "new line of sleek geometric fixtures that bring a modern, continental attitude and an architectural aesthetic to the bathroom. These new forms are linear and precise, with streamlined silhouettes that manage to appear both tailored and airy. The Reve bathroom collection was designed to combine straightforward minimalistic elegance with the kind of thoughtful components that deliver maximum comfort and utility." Kohler also advertised that "great care and consideration went

2

into designing fixtures that bring a human touch to their modern aesthetic." The Reve collection of lavatories may be either "wall-hung with a semi-pedestal or supported by a full pedestal, with a cabinet option as well".

8. Kohler provides a "Installation and Care Guide", attached hereto behind "Tab 1", which includes measurements and data for the rouging in and installation of water and drain lines for the Reve lavatories.

9. On or about April 15, 2011, Plaintiff purchased two Kohler Reve 39" semi-pedestal lavatories, model number K-5148, from a Kohler authorized distributor for installation in a new home being built by Plaintiffs.

10. After the plumbing was roughed in according to Kohler's published specifications for the Reve semi-pedestal lavatory, Plaintiff installed and finished the drywall wall surfaces behind each Reve lavatory. Plaintiff then attempted to install the Reve semi-pedestal lavatory but discovered that the drain and water supply lines did not align themselves with the drain and water supply connections on the Reve semi-pedestal lavatory.

11. When Plaintiff's Indiana licensed plumbing subcontractor discovered the discrepancy between the placement of the drain and water lines as installed pursuant to the Kohler authored "Installation and Care Guide" and the actual dimensions, the plumbing subcontractor contacted Kohler, by telephone, at the number provided on the product literature. After repeatedly being transferred between customer service personnel a Kohler representative acknowledged the discrepancy, apologized for it, but failed to offer any solution.

12. Plaintiff was notified by its plumbing subcontractor as to the discrepancy and Plaintiff contacted Kohler at the telephone number provided for technical assistance. Kohler again acknowledged the discrepancy, but failed to offer any resolution.

13. After speaking with Kohler customer service representatives Plaintiff accessed Kohler's website and discovered there was a "Rough-In Guide", attached hereto behind "Tab 2", in addition to the rough in dimensions included in the "Installation and Care Guide."

14. Plaintiff's subcontractor plumber reviewed the information contained in the Rough-In Guide dimensions, attempted to install the Reve lavatory according to those dimensions, but discovered that dimensions included in the "Rough-In Guide" were also inaccurate.

15. None of the Kohler authored written information supplied by Kohler for the locations of the drain and water lines permitted the Reve lavatory to be mounted on the wall and connected to the plumbing lines.

16. In order to install the Reve lavatories, Plaintiff cut out the drywall in two bathrooms in the new home being constructed, relocated the drain and water supply lines and hung, finished and painted the drywall patch.

17. After completing the additional work required due to the erroneous instructions, Plaintiff again contacted Kohler to advise it of the additional expense incurred due to the erroneous dimensions provided by its product literature. Plaintiff

telephoned the technical assistance line and spoke with one of Kohler's employees and agents, Perie Villani.

18. Kohler's employee and agent, Perie Villani, acknowledged that the information contained on the Kohler documents was not accurate, acknowledged that Kohler was aware of the problem and had developed a method to remedy the problem. However, the remedy requires that non-Kohler parts be used. Further, the method to fix it as devised by Kohler was not published and readily available to Kohler's consumers. The Kohler designed remedy also does not work when used with the pedestal and semi-pedestal versions of the Reve lavatory because the drain line is too low and the water supply lines are too close to the pedestal and/or shroud. Kohler's employee and agent, Perie Villani, emailed Plaintiff photographs depicting the Kohler devised remedy and instructions on how it was to be performed. The Kohler devised remedy to the problem is attached hereto behind "Tab 3". Attached hereto behind 'Tab 4" is the fax Plaintiff received from Kohler which admits to the erroneous dimensions and instructions contained in its product literature.

19. Kohler had knowledge of the inaccurate and contradictory product literature, but failed to publicize its remedy. Kohler provided no notification to purchasers of Reve lavatories of the problem, failed to include on its website the remedy that it had developed and in all other ways has failed to adequately address the problem and avoid economic harm to purchasers of its product.

20. There is an implied warranty that the dimensions and instructions Kohler provides in its product literature are accurate and, therefore, permit purchasers to install and use the Reve lavatories. Kohler breached its implied warranty.

21. As a result of the inaccurate dimensions and measurements provided by the Kohler authored product literature, Plaintiff has incurred unnecessary expense and delay.

### III.   CLASS ALLEGATIONS

22. Pursuant to Federal Rule of Civil Procedure 23 and United States Code § 2310, Plaintiff brings this action on behalf of itself and all other persons similarly situated. The class that Plaintiff represents is composed of all persons nationwide who purchased each and every model of Kohler's Reve lavatory which included the product literature containing the erroneous dimensions.

23 Plaintiff is informed and believed that the Plaintiff class includes many thousands of persons and is so numerous that joinder of all members would be impracticable. In Kohler's product literature and press releases it describes its Reve collection as being "popular". The exact size of the Plaintiff class, and the identity of the members of the class are ascertainable from the business records of Kohler.

24. Questions of law and fact are common to the Plaintiff class and predominate over questions effecting only individual members, including, inter alia, the following:

    (a)    whether the Reve lavatory Installation and Care Guide provided inaccurate dimensions and measurements;

6

(b) whether the Reve lavatory Rough In Guide provided inaccurate dimensions and measurements;

(c) whether the Reve lavatory Rough In Guide and Installation and Care Guide contained contradictory dimensions and measurements;

(d) whether any Kohler authored product literature or subsequently designed remedies permit the Reve lavatories to be installed and used;

(e) whether the Plaintiff and the other members of the Plaintiff class suffered economic losses as a result of the incorrect dimensions and measurements provided by Kohler and the class-wide measure of damages.

25. The claims asserted by Plaintiff in this action are typical of the claims of class members as described above, the claims arise from the same course of conduct by Kohler, are based upon standardized documents and the relief sought is common.

26. Plaintiff will fairly and adequately represent and protect the interest of the class members. Plaintiff has retained counsel competent and experienced in class action litigation.

27. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant, compare to the expense and burden of

individual litigation, it would be impracticable for class members to seek redress individually for the wrongful conduct alleged herein. There will be no undue difficulty in the management of this litigation as a class action.

## IV.   FIRST CAUSE OF ACTION

28.   Plaintiff hereby incorporates by reference all previous rhetorical paragraphs in this Complaint.

29.   Kohler was negligent in publishing inconsistent, contradictory and inaccurate measurements and dimensions for the installation of its Reve collection of lavatories.

30.   Kohler had a duty to competently and accurately provide instructions, dimensions and measurements to rough in the plumbing for installing the Reve collection of vanities.

31.   Kohler breached its duty by providing erroneous measurements and dimensions to rough in the Reve collection of lavatories.

32.   Kohler's breach of duty to provide accurate instructions for the installation of its product has caused Plaintiff and all others similarly situated damages.

33.   Kohler has known for an extended time that its product literature provided erroneous information. Yet, instead of communicating with its distributors and customers to advise of the erroneous instructions, publicize the correct dimensions or publicize an accurate method to correct the problem, as they should have done, Kohler remained silent. Kohler chose to conceal from consumers the problem and

continue to sell the Reve collection of lavatories without providing accurate installation instructions.

WHEREFORE, Plaintiff, individually and on behalf of the above-defined class, by and through counsel, prays the Court grant the following relief:

a.   An order certifying the class defined herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.   An order designating Plaintiff as a class representative for the class certified pursuant to Rule 23 and designating its counsel as lead counsel for the class;

c.   An order awarding Plaintiff and the class members damages in an amount to be determined at trial for the wrongful acts complained of herein;

d.   An order awarding attorneys' fees; and,

e.   For all further just and appropriate relief in the premises.

STARR AUSTEN & MILLER, LLP

By: _____
Andrew B. Miller
I.D. #18795-45
201 South Third Street
Logansport, IN 46947
(574) 722-6676

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Comes now Plaintiff, Shepler Construction Company, Inc., an Indiana Corporation, on Behalf of Itself and All Others Similarly Situated, by counsel, Starr Austen & Miller, LLP and hereby demands a trial by jury on all counts of Plaintiff's Complaint and Defendant's Answer.

_____
Andrew B. Miller

494900.000/kohler-complaint